UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
BESSIE E. SWANN,                )
                                )
        Movant,                 )
                                )
              v.                ) Case No. 06-mc-15 (EGS)
                                )
                                )
SECRETARY, UNITED STATES        )
DEPARTMENT OF HOUSING AND URBAN )
DEVELOPMENT, et al.,            )
                                )
        Respondents.            )
_____)
```

**ORDER**

Upon consideration of Ms. Swann's Motion to Quash Administrative Subpoena Duces Tecum, the response thereto, and the report and recommendation issued by the Honorable John Facciola and adopted by the Honorable Ellen Huvelle in a virtually identical challenge, *Swann v. HUD*, Misc. No. 05-492 (ESH) (D.D.C. Feb. 2, 2006), it is **ORDERED** that the Motion to Quash is **DENIED**.

First, the motion is time-barred. Under 12 U.S.C. § 3410(a), Ms. Swann had ten days from the date of service to file a motion to quash. Ms. Swann was personally served with a copy of the subpoena on January 3, 2006.[1] The Motion to Quash was

---

[1] Ms. Swann mistakenly states in her moving papers that she was served with a copy in her mailbox on November 18, 2005. In fact, November 18, 2005, was the date of service for the subpoena at issue in the case before Judge Huvelle.

filed on January 18, 2006 – five days too late.  Therefore, Ms. Swann's motion is untimely.

Second, even if Ms. Swann's motion had been timely filed, it must be denied on the merits.  The court must deny a motion to quash if it finds that "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry."  12 U.S.C.A. § 3410(c).  Upon review of the government's response, submitted *in camera* in accordance with 12 U.S.C. § 3410(b), the Court is persuaded that these requirements are satisfied.

Finally, Ms. Swann's motion is barred by *res judicata*. *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992).  Nearly all of the issues presented in this challenge were decided by Judges Facciola and Huvelle.  The only exceptions are two factual issues: when SunTrust Bank was served with the subpoena and when Ms. Swann filed the Motion to Quash.  The Court has made independent findings on these issues.  Because there is no need to relitigate the legitimacy of the investigation, the relevance of the records sought, or how to compute the statute of limitations period for Ms. Swann to file a Motion to Quash, the Ms. Swann's motion is barred by *res judicata*.

Therefore, Ms. Swann's Motion to Quash is **DENIED**.

**Signed:**    **EMMET G. SULLIVAN**
**UNITED STATES DISTRICT JUDGE**
**March 1, 2006**